IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.K. WADE, | No. C06-04725 MJJ |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| v. | |
| ELAINE CHAO, | |
| Defendant. | |

## INTRODUCTION

Before the Court is Defendant Elaine Chao, Secretary of Labor's ("Defendant" or "Government") Motion to Dismiss Pro Se Plaintiff E.K. Wade's ("Plaintiff" or "Wade") Third Amended Complaint ("TAC").[1] Plaintiff opposes Defendant's motion.[2] For the following reasons, the Court **GRANTS** Defendant's Motion.[3]

## FACTUAL BACKGROUND

This case presents an employment dispute arising from Plaintiff's employment with the Department of Labor ("DOL"). The material allegations taken from the operative complaint are as

---

[1] Docket No. 63.

[2] Docket No. 72.

[3] Also before the Court is Pro Se Plaintiff's Motion for Summary Judgment. (Docket No. 66.) Defendant opposes the motion. (Docket No. 71.) As no discovery has been done in this matter, Pro Se Plaintiff's motion is premature. The Court **DENIES** Pro Se Plaintiff's motion without prejudice to filing at the appropriate time pursuant to Federal Rule of Civil Procedure 56.

follows.

Plaintiff E.K. Wade worked as an equal employment opportunity specialist with the Department of Labor from September 26, 2000 until October 11, 2004. Plaintiff alleges that he was denied promotions, sent on demeaning assignments, refused transfer, denied advance sick leave, and suffered emotional distress as a result of his complaints about a co-worker's distribution of sexual and racist e-mails. During his tenure with the DOL, Plaintiff filed a number of complaints, as well as a formal grievance through his union representation. Facing a possible suspension for comments made to co-workers, Plaintiff tendered his resignation, and subsequently filed complaints with the Equal Employment Opportunity Commission ("EEOC") and Merit Systems Protection Board ("MSPB"). Plaintiff filed the instant suit in this Court on December 9, 2005. Plaintiff brings the claims at issue in the current motion under the auspices of the Civil Rights Acts of 1964 and 1991, the Rehabilitation Act, and the Federal Tort Claims Act ("FTCA").

## LEGAL STANDARD

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to move to dismiss a claim for lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction; thus, the Court presumes lack of jurisdiction, and the party seeking to invoke the court's jurisdiction bears the burden of proving that subject matter jurisdiction exists. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). A party challenging the court's jurisdiction under Rule 12(b)(1) may do so by raising either a facial attack or a factual attack. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

A facial attack is one where "the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In evaluating a facial attack to jurisdiction, the Court must accept the factual allegations in plaintiff's complaint as true. *See Miranda v. Reno*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). For a factual attack, in contrast, the Court may consider extrinsic evidence. *See Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir.1987). Further, the court does not have to assume the truthfulness of the allegations, and may resolve any factual disputes. *See*

1  *White*, 227 F.3d at 1242.  Thus, "[o]nce the moving party has converted the motion to dismiss into a
2  factual motion by presenting affidavits or evidence properly before the court, the party opposing the
3  motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing
4  subject matter jurisdiction." *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n.2 (9th Cir.
5  2003).

6       In the Ninth Circuit, "[j]urisdictional dismissals in cases premised on federal-question
7  jurisdiction are exceptional, and must satisfy the requirements specific in *Bell v. Hood*, 327 U.S. 678
8  [] (1946)." *Sun Valley Gas., Inc. v. Ernst Enters.*, 711 F.2d 138, 140 (9th Cir. 1983); *see Safe Air for*
9  *Everyone*, 373 F.3d at 1039.  The *Bell* standard provides that jurisdictional dismissals are warranted
10 "where the alleged claim under the [C]onstitution or federal statute clearly appears to be immaterial
11 and made solely for the purpose of obtaining federal jurisdiction or where such a claim is wholly
12 insubstantial and frivolous." 327 U.S. at 682-83.  Additionally, the Ninth Circuit has admonished
13 that a "[j]urisdictional finding of genuinely disputed facts is inappropriate when 'the jurisdictional
14 issue and substantive issues are so intertwined that the question of jurisdiction is dependent on the
15 resolution of factual issues going to the merits' of an action." *Sun Valley*, 711 F.2d at 139.  The
16 jurisdictional issue and the substantive issues are intertwined where "a statute provides the basis for
17 both the subject matter jurisdiction of the federal court and the plaintiff's substantive claim for
18 relief." *Safe Air for Everyone*, 373 F.3d at 1039 (quoting *Sun Valley*, 711 F.2d at 139).

19     **B.**    **Rule 12(b)(6)**

20      A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal
21 sufficiency of a claim.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Because the focus of a
22 Rule 12(b)(6) motion is on the legal sufficiency, rather than the substantive merits of a claim, the
23 Court ordinarily limits its review to the face of the complaint.  *See Van Buskirk v. Cable News*
24 *Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).  In considering a Rule 12(b)(6) motion, the Court
25 accepts the plaintiff's material allegations in the complaint as true and construes them in the light
26 most favorable to the plaintiff.  *See Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).
27 Generally, dismissal is proper only when the plaintiff has failed to assert a cognizable legal theory or
28 failed to allege sufficient facts under a cognizable legal theory.  *See SmileCare Dental Group v.*

3

*Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 782 (9th Cir. 1996); *Balisteri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In pleading sufficient facts, however, a plaintiff must suggest his or her right to relief is more than merely conceivable, but plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1974 (2007). Federal Rule of Civil Procedure 8(a)(2) requires only that the pleader give the defendant "fair notice what the plaintiff's claim is" and "the grounds upon which it rests." *Id.* (*quoting Conley v. Gibson*, 355 U.S. 41, 78 (1957), *abrogated on other grounds by Twombly*, 127 S.Ct. (1955)). This is especially true for complaints drafted by *pro se* plaintiffs, which are held to even more relaxed standards than those prepared by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

The Court will dismiss the complaint or any claim in it without leave to amend only if "it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Schneider v. Cal. Dept of Corr.*, 151 F.3d 1194, 1196 (9th Cir. 1998). Before a district court can dismiss a pro se litigant's complaint, however, the court must provide the litigant with notice of the deficiencies and an opportunity to amend the complaint effectively. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992); *Moore v. United States et al.*, 193 F.R.D. 647, 651 (No. C99-3211 MEJ).

## ANALYSIS

### A.   Plaintiff's Title VII and Rehabilitation Claims Are Timely

Defendant argues that Plaintiff's Title VII and Rehabilitation claims are untimely and barred by 42 U.S.C. § 2000e-16. Plaintiff argues that his claims were properly filed after a statutorily defined lapse in activity by the EEOC.

The Plaintiff alleges the following facts in his Third Amended Complaint. On August 2, 2004, Plaintiff filed a complaint before the DOL alleging discrimination. After a final decision from Defendant on January 24, 2005, Plaintiff filed an appeal before the EEOC on February 21, 2005. On August 20, 2005, 180 days had elapsed without the EEOC issuing a final decision. On December 9, 2005, Plaintiff filed his complaint in this Court. On July 25, 2006, the EEOC issued its final decision.

Section 2000e-16 governs the timing and requirements for an aggrieved federal employee to file suit in district court for review of an administrative decision. 42 U.S.C. § 2000e-16. One clause

4

provides that ". . . after 180 days from the filing of the initial charge with the . . . [EEOC] on appeal from a decision or order . . . until such time as final action may be taken . . . an employee . . . if aggrieved by . . . the failure to take final action on his complaint, may file a civil action as provided in section 2000e-5 of this title, in which civil action the head of the department . . . shall be the defendant." 42 U.S.C. § 2000e-16(c). Here, Plaintiff filed his action in this Court after the required 180 days had elapsed, and before the final action of the EEOC, naming the head of the department as Defendant. Because Plaintiff has complied with the applicable requirements, his Title VII and Rehabilitation claims are timely.

### B. Plaintiff Has Not Alleged Exhaustion of His Administrative Remedy

Defendant argues that Plaintiff's claims are barred because Plaintiff chose a grievance remedy and then failed to pursue that remedy to exhaustion. Plaintiff alleges that he filed a Step 1 Grievance on or about November 27, 2001, and subsequently re-filed the grievance on July 3, 2002. (TAC ¶¶ 93, 95). After the initiation of an administrative remedy, the remedy must be exhausted before the pursuit of other remedies may commence. *Vinieratos v. United States Department of the Air Force*, 939 F. 2d 762, 771 (9th Cir. 1991). In his opposition, Plaintiff argues that he pursued his grievance to exhaustion, a point reached when his union representation "simply abandoned Plaintiff" after sending a demand for arbitration to the Department of Labor. (Pl.'s Opp. 7:13.) Plaintiff relies on *Sidhu v. The Flecto Co.*, 279 F. 3d 896 (9th Cir. 2002), a case in which the court excused a Plaintiff from the required exhaustion of a union grievance where an employer repudiated the arbitration phase of the grievance. Because the Defendant's motion to dismiss is a facial one, the Court will take as true all allegations in the complaint. *Miranda*, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). But here, the complaint is inadequate. Although Plaintiff attaches documentation of the grievance process to his Opposition, he has failed to allege exhaustion of his grievance in the operative complaint. Plaintiff's allegations as taken from the face of the complaint do not support his theory of excuse from exhaustion. For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiff's Title VII and Rehabilitation claims. Plaintiff has leave to amend his Title VII and Rehabilitation Act claims within 30 days of the filing date of this order.

### C. Plaintiff Has Not Alleged Facts Sufficient to Support a Claim of Intentional

**Infliction of Emotional Distress**

Plaintiff brings a claim of intentional infliction of emotional distress ("IIED") by way of the FTCA. For the following reasons, Plaintiff has failed allege facts sufficient to support this claim. Defendant argues that Plaintiff's interactions with his co-workers were not sufficiently outrageous as to support an IIED claim. Plaintiff argues that his co-workers and superiors conspired to take advantage of his disabled status in order to bait him into conduct that would result in his termination.

The tort of intentional infliction of emotional distress consists of four elements: (1) outrageous conduct by the defendant, (2) an intention by the defendant to cause, or reckless disregard of the probability of causing, emotional distress, (3) severe emotional distress, and (4) an actual and proximate causal link between the tortious conduct and the emotional distress. *Nally v. Grace*, 47 Cal. 3d 278, 300 (1988). While generally a factual issue, a court may dismiss a claim if, as alleged, it fails to rise to the level of outrageousness. *See Fisher v. San Pedro Peninsula Hospital*, 214 Cal. App. 3d 590, 617-618 (2nd Dist. 1989) (Sustaining a demurrer and stating that the tort requires more than "mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.") In his Third Amended Complaint, Plaintiff alleges a conspiracy to demean, intimidate and harass Plaintiff into snapping, and describes two incidents that he believes support this claim. (TAC ¶¶ 102, 158.) Both incidents involve interactions with co-workers that, while contentious, do not rise to the level of "outrageous" as required to sustain an IIED claim. *See Davidson v. City of Westminster* 32 Cal. 3d 197, 209 (1982) (Stating that for "[c]onduct to be outrageous [it] must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.") As Plaintiff has failed to allege conduct sufficient to satisfy the element of the IIED tort requiring outrageous conduct on the part of the defendant, the Court **GRANTS** Defendant's motion to dismiss as to Plaintiff's IIED. Plaintiff has leave to amend his IIED claims within 30 days of the filing date of this order.

//
//
//
//

6

1  //

2  **CONCLUSION**

3  For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss. Plaintiff's
4  Amended Complaint, if any, shall be filed not later than 30 days from the filing date of this order.
5  **IT IS SO ORDERED.**

8  Dated: August 17, 2007

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE